# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2015

*Report Required by the Ethics in Government Act of 1978 (5 U.S.C. app. §§ 101-111)*

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| Bolden, Victor A. | United States District Court for the District of Connecticut | 08/12/2016 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| Active | ☐ Nomination Date<br>☐ Initial ☑ Annual ☐ Final<br>5b. ☐ Amended Report | 01/01/2015<br>to<br>12/31/2015 |

**7. Chambers or Office Address**

915 Lafayette Boulevard
Bridgeport, Connecticut 06604

***IMPORTANT NOTES:*** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | President Elect/President | New Haven County Bar Association |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☐ NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | 2005 | NAACP Legal Defense and Educational Fund, Inc. Defined Benefit Pension Plan |
| 2. | | |
| 3. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Bolden, Victor A. | 08/12/2016 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | 2015 | City of New Haven | $24,935.00 |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | ABA Section of Litigation | 1/8/2015 to 1/10/2015 | Laguna Beach, California | Attending the Winter Leadership Meeting | Lodging, transportation, and meals |
| 2. | NYU School of Law | 3/27/2015 to 3/28/2015 | New York, New York | Participated on Root-Tilden Scholarship Selection Committee | Lodging, transportation, and meals |
| 3. | ABA Section fo Litigation | 6/4/2015 to 6/6/2015 | Asheville, North Carolina | Attended Spring Leadership Meeting | Lodging, transportation, and meals |
| 4. | ABA Section of Lititgation | 10/8/2015 to 10/10/2015 | Memphis, Tennessee | Attended Fall Leadership Meeting | Lodging, transportation, and meals |
| 5. | | | | | |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☐ NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | The Wattley Family (Former Neighbor from Childhood Home in Medford, New York) | 3 Brooks Brothers Shirts and 3 Brooks Brothers Ties | $540.00 |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☑ NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Bolden, Victor A. | 08/12/2016 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34–60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Blackrock LifePath 2040 Portfolio | A | Int./Div. | | | Distributed (part) | 10/29/15 | J | D | |
| 2. | | | | | Closed | 11/16/15 | K | E | |
| 3. Fidelity Diversified International Fund | C | Int./Div. | | | Distributed (part) | 08/18/14 | J | | |
| 4. | | | | | Distributed | 12/22/14 | J | | |
| 5. Fidelity Low-Priced Stock Fund | D | Int./Div. | | | Distributed (part) | 08/18/14 | J | | |
| 6. | | | | | Distributed | 12/22/14 | K | | |
| 7. Fidelity Spartan 500 Index Fund | D | Int./Div. | | | Distributed (part) | 08/18/14 | J | | |
| 8. | | | | | Distributed | 12/22/14 | K | B | |
| 9. Fidelity Spartan 500 U.S. Bond Index Fund | A | Int./Div. | | | Distributed | 12/22/14 | J | A | |
| 10. Hartford Small Company Fund | A | Int./Div. | | | Distributed (part) | 10/29/15 | J | D | |
| 11. | | | | | Closed | 11/16/15 | J | D | |
| 12. MassMutual General Declared Rate Account | A | Interest | | | Distributed | 10/27/15 | J | | |
| 13. MFS Research International Fund | A | Int./Div. | | | Distributed (part) | 10/29/15 | J | D | |
| 14. | | | | | Closed | 11/16/15 | J | D | |
| 15. PIMCO Total Return Fund | A | Int./Div. | | | Distributed (part) | 10/29/15 | J | D | |
| 16. | | | | | Closed | 11/16/15 | J | D | |
| 17. RidgeWorth Mid-Cap Value Equity Fund | C | Interest | | | Distributed | 08/13/14 | K | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Bolden, Victor A. | 08/12/2016 |

## VII. INVESTMENTS and TRUSTS — income, value, transactions (Includes those of spouse and dependent children; see pp. 34–60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18. T. Rowe Price Growth Stock Fund | A | Int./Div. | | | Distributed (part) | 10/29/15 | J | D | |
| 19. | | | | | Closed | 11/16/15 | K | E | |
| 20. T. Rowe Price International Stock Fund | A | Int./Div. | K | T | | | | | |
| 21. T. Rowe Price Mid-Cap Value Fund | D | Int./Div. | M | T | | | | | |
| 22. T. Rowe Price New America Growth Fund | D | Int./Div. | L | T | | | | | |
| 23. T. Rowe Price New Era Fund | A | Int./Div. | K | T | | | | | |
| 24. T. Rowe Price New Horizons Fund | D | Int./Div. | M | T | | | | | |
| 25. T. Rowe Price Small-Cap Value Fund | D | Int./Div. | K | T | | | | | |
| 26. Vanguard 500 Index Fund | A | Dividend | K | T | | | | | |
| 27. J.P. Morgan Chase Cash Accounts | A | Int./Div. | J | T | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Bolden, Victor A. | 08/12/2016 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

With respect to Section II, my portion of the value of this defined benefit plan remains in the pension plan of the NAACP Legal Defense and Educational Fund, Inc., even though I left the organization's employ in January 2009. Due to what I earned while I was employed there, I have been designated a highly compensated employee, ineligible to rollover the value of my portion of this pension into another retirement account at this time.

With respect to Section III, in January 2015, I received compensation for unused vacation days from my previous employment at the City of New Haven, which ended on December 31, 2014.

With respect to Section V, I am estimating the value of the gifts based on the current market price of similar items available online.

With respect to Section VII, to provide a complete picture, I have provided information about any changes that have occurred with my investments since the date of my last disclosure report, June 16, 2014 through the end of 2015. Virtually all of my holdings, aside from my J.P. Morgan Cash Accounts, are in various retirement accounts. My investments are composed exclusively of mutual funds. At the time of my last report, I owned assets associated with six different retirement accoutns: a 401(k) provided through a former employer, Wiggin and Dana LLP and managed by Fidelity; a 401(a) account provided through a former employer, the City of New Haven and managed by Mass Mutual Financial Group; a deferred compensation plan which consisted of the Mass Mutual General Declared Rate Account, also associated with my employment with the City of New Haven; a 403(b) account, began while employed at the NAACP Legal Defense Fund; and two Individual Retirement Accounts, ("IRA") one with T. Rowe Price and the other with Vanguard.

Since my last report, I have undertaken the following changes in my accounts:

In August 2014, I took a distribution from my Wiggin and Dana LLP 401k account, which consisted of the Fidelity Spartan 500 Index Fund, the Fidliety Low-Priced Stock Fund, the RidgeWorth Mid-Cap Value Equity Fund, the Fidelity Diversified International Fund, and the Fidelity Spartan 500 U.S. Bond Index Fund. After taking a partial disbursement from that 401k account, which included the entire value of the RidgeWorth Mid-Cap Value Equity Fund, I rolled all of the remaining money from the 401k account into an IRA account, also invested with Fidelity. My IRA continued to consist of my remaining investments in the Fidelity Diversified International Fund, the Fidelity Spartan 500 Index Fund, the Fidelity Spartan U.S. Bond Index Fund, and the Fidelity Low-Priced Stock Fund. In December 2014, I took the money remaining at that time in the Fidelity IRA as a distribution. (The account remains open with a value of little more than two cents and I have kept it open to maintain access to past financial records). With all of these distributions, I asked that Fidelity withhold any federal and state taxes due as well as the penalty owing for an early withdrawal.

In October 2015, I took a partial distribution from my City of New Haven 401(a) managed by Mass Mutual Financial Group. I asked that Mass Mutual withdraw all taxes and fees before providing me with cash from the distribution. My Mass Mutual 401(a) account consisted of the following funds: Blackrock LifePath 2040 Portfolio, Hartford Small Company Fund, MassMutual General Declared Rate Account, MFS Research International Fund, PIMCO Total Return Fund, and T. Rowe Price Growth Stock Fund. On November 16, 2015, I rolled the remainder of these funds into the Thrft Savings Plan ("TSP"). In addition, I had money in a "deferred compensation plan" that was accrued during my employment with the City of New Haven. These funds were in the MassMutual General Declared Rate Account. I took a distribution of the entire amount from that account on October 29, 2014.

I have not sold or taken distributions from any of the investments I have in the 403b account since the date of my last report. These investments consist of the following mutual fund accounts: the T. Rowe Price International Stock Fund, the T. Rowe Price Mid-Cap Value Fund, the T. Rowe Price New America Growth Fund, the T. Rowe Price New Era Fund, and the T. Rowe Price New Horizons Fund.

I have an IRA consisting entirely of investments in the T. Rowe Price Small-Cap Value Fund. I have not sold or taken any distributions from this account.

I also have another IRA account in the Vanguard 500 Index Fund. I have not sold or taken any distributions from this account.

With respect to Section VII, Column D, the financial institutions holding my retirement investments do not consistently track capital gains from the sales of mutual funds. When I sold four of the mutual funds managed by Fidelity (the Fidelity Spartan 500 Index Fund, the Fidliety Low-Priced Stock Fund, the Fidelity Diversified International Fund, and the Fidelity Spartan 500 U.S. Bond Index Fund), my statement provided a figure for "Transaction Loss" and "Transaction Profit." I have reported that figure as the capital gains associated with those transactions. For the remaining mutual funds, my investment advisors and records did not provide a capital gains figure, because capital gains are not taxable. Thus, for the remining funds, I have provided the total value of the amount received from selling my mutual fund shares, rather than the capital gain. I use the transaction type "Closed" to indicate that I rolled funds over into the TSP. I have used the transaction type "Distributed" to indicate that I took funds from one of my retirement account as a distribution.

With respect to Section VII, Column A, for income, when I use the "Int./Div." code I am referring to income from capital gains and dividends together.

| Name of Person Reporting | Date of Report |
|---|---|
| Bolden, Victor A. | 08/12/2016 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ Victor A. Bolden**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544